UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LBS PETROLEUM, LLC, a Florida limited
liability company, on Its Own Behalf and on
Behalf Of All Others Similarly Situated

        Plaintiff,

               CASE NO.:

    -against-

TULGA DEMIR, an individual,
RACHAEL LAUREN ROBINSON, an individual
GLOBAL ENERGY ACQUISITIONS, LLC,
a Florida limited liability company,
DEMIR ENERGY, LLC, a Delaware limited
liability company, KY OIL MANAGEMENT, LLC,
a Delaware limited liability company,
GEA OIL DRILLING, LLC, a Delaware
limited liability company

        Defendants.
_____/

## CLASS ACTION COMPLAINT FOR SECURITIES FRAUD AND FOR THE SALE OF UNREGISTERED SECURITIES

  Plaintiffs, LBS Petroleum, LLC ("Plaintiff"), sues defendants Tulga Demir ("Demir"), Rachael Lauren Robinson ("Robinson"), Global Energy Acquisitions, LLC ("GEA"), Demir Energy, LLC ("Demir Energy"), KY Oil Management, LLC ("KY Oil"), and GEA Oil Drilling, LLC ("GEA Oil") (collectively, "Defendants"), and alleges as follows:

LAW OFFICES OF RODRIGO S. DA SILVA, P.A.

## OVERVIEW OF DEFENDANTS' FRAUDULENT SCHEME

1. This class action arose when Defendants Demir, Robinson, and Demir's alter egos GEA, GEA Oil and Demir Energy (collectively, the "Ponzi Entities"), and others fraudulently offered unregistered securities for sale in a classic Ponzi scheme.

2. Demir, Robinson, GEA, GEA Oil and Demir Energy did this in violation of the registration and anti-fraud provisions of the federal securities laws. The scheme is based upon investors' purported investments into GEA and Demir Energy so that these entities can finance oil-drilling operations in Kentucky. Upon information and belief, Demir has raised in excess of $5 million dollars from unsuspecting investors. In exchange for their investments, Demir promised high returns based on the false output of the various oil wells purportedly drilled by GEA, Demir Energy, and GEA Oil.

3. Demir's investment program in actuality operates as a Ponzi scheme, i.e., a scheme whereby returns are paid to investors from monies contributed by later investors. Upon information and belief, Demir's investment program may actually be an embezzlement scheme whereby he converts for himself the vast majority of the investors' funds and proceeds of any sales of oil.

4. The investments constitute investment contracts, and therefore, qualify as securities under Section 2(a)(1) of The Securities Act of 1933, 15 U.S.C. § 77b(1)(1), and Section 3(a)(10) of The Securities Exchange Act of 1934, 125 U.S.C. § 78(a)(10).

5. No registration statement has ever been filed in connection with the investment contracts offered and sold by Defendants, and no exemption from registration applies. Few, if any, of the purchasers or offerees qualified as accredited investors under the federal securities laws.

6. Defendants issued falsified materials and made statements to investors that GEA's and its successor and latest iteration of the scam Demir Energy's activities is a profitable business. Demir has repeatedly represented to investors that GEA and Demir Energy are a profitable business. But, in fact, Demir, Robinson, GEA, GEA Oil, Demir Energy and KY Oil and others are operating in the manner of a Ponzi scheme and are suffering huge losses from whatever business operations they are engaged in.

7. More importantly, Demir and his girlfriend, Rachael Robinson, have been using investors' funds for their own personal use to acquire luxury vehicles, rent high-end penthouses in the Southern District of Florida, taking extravagant vacations, paying personal credit cards, etc. To the extent that the oil wells produce any oil, Demir and Robinson convert the proceeds of such sales to local oil distributors, instead of paying investors their promised return. Demir's unlawful and criminal conduct has been widely reported by his former business partner, Bryan Mendes, which has provided extensive factual detail about Demir's ongoing scam in the website www.tulgademirfraud.com.

8.      Based upon the foregoing, Plaintiff immediately seeks an order prohibiting the destruction of documents, preliminary and permanent injunctions, accountings, disgorgement, together with prejudgment interest against Defendants and an asset freeze as to Defendants, based upon Defendants' flagrant violations of Section 5(a), 5(c), 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e(a), 77e(c), 77o and Section 10(b) and 20(a) of The Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10B-5, promulgated thereunder.

## JURISDICTION AND VENUE

9.      Plaintiff brings this action under of Section 5(a), 5(c), 15 of the Securities Act, Section 10(b) of the Exchange Act, and Exchange Act Rule 10b-5.

10.     This Court possesses subject matter jurisdiction under 28 U.S.C. § 1331, Securities Act § 22(a), 15 U.S.C. § 77v(a), and Exchange Act § 27.

11.     The Defendants, directly or indirectly, made use of the mails, telephones, and internet, to effect their fraudulent scheme.

12.     Certain acts, misstatements, and courses of business that violated the Securities Act and the Exchange Act have occurred in the Miami Division of the Southern District of Florida.  Among other things, Demir and Robinson solicited investors in the Southern District of Florida and ran the Ponzi scheme from a luxury penthouse apartment located in the city of Miami, Miami-Dade County.

13. The Defendants, unless restrained or enjoined by this Court, will continue to violate the federal securities laws, to the great detriment of the class members.

## THE PARTIES

14. Defendant Tulga Demir resides at 149 Brock Lane, Glasgow, Kentucky 42141. At all times material hereto, Demir served as the managing member, CEO, officer, and, or director of GEA, GEA Oil, Demir Energy, and KY Oil. At all times relevant hereto, Demir resided in the Southern District of Florida and conducted the affairs of his Ponzi scheme in the Southern District of Florida. In addition to being a primary violator, Demir acts as a controlling person under Securities Act § 15 in the offering and sale of unregistered securities.

15. Defendant Rachael Lauren Robinson also resides at 149 Brock Lane, Glasgow, Kentucky 42141. Robinson is the girlfriend of Demir. At all times relevant hereto, Robinson resided in the Southern District of Florida aided and abetted Demir to operate his Ponzi scheme in the Southern District of Florida.

16. Defendant Global Energy Acquisitions, LLC is an entity organized under the laws of the State of Florida. At all times relevant hereto, GEA conducted business in the Southern District of Florida by soliciting investors through an office located at 1806 N. Flamingo Road, Suite 351, Pembroke Pines, Florida 33028. GEA was the primary entity created by Demir to perpetrate the investment scam on unsuspecting investors. GEA is the alter ego of Demir because this entity was created for a fraudulent purpose

and Demir has used its assets as if they were his own. Upon information and belief, the operations of GEA have been migrated to its successor, Demir Energy. GEA served as the manager for the various investment funds where the investors' funds were pooled, including GEA Exploration Fund I, LLC ("GEAP1"), GEA Exploration Fund II, LLC ("GEAP2"), GEA Exploration Fund III, LLC ("GEAP3")[1], and GEA Exploration Fund IV, LLC ("GEAP4").

17. Defendant Demir Energy, LLC is an entity organized under the laws of the State of Delaware. Demir Energy was established by Demir to continue to perpetrate the fraud initially started with GEA. Upon information and belief, Demir Energy is the successor-in-interest to GEA. At all times relevant hereto, Demir Energy conducted business in the Southern District of Florida by soliciting investors. Demir Energy is the alter ego of Demir because this entity was created for a fraudulent purpose and Demir has used its assets as if they were his own.

18. Defendant KY Oil Management, LLC is an entity organized under the laws of the State of Delaware. Upon information and belief, KY Oil has the leases to explore the mineral rights of various parcels of land located in the state of Kentucky.

---

[1] As it will be set forth in more detail below, Plaintiff's funds were to be invested in GEAP3. Yet, GEAP3 was never actually registered as a Delaware limited liability company. GEAP3 was only registered as Florida limited liability company.

KY Oil is the alter ego of Demir because this entity was created for a fraudulent purpose and Demir has used its assets as if they were his own.

19.     Defendant GEA Oil Drilling, LLC is an entity organized under the laws of the State of Delaware.  GEA Oil was the entity in charged of drilling the oil wells pursuant to a drilling contracted entered into by GEA and GEA Oil.  At all times relevant hereto, GEA Oil conducted business in the Southern District of Florida through an office located at 1806 N. Flamingo Road, Suite 351, Pembroke Pines, Florida 33028. GEA Oil is the alter ego of Demir because this entity was created for a fraudulent purpose and Demir has used its assets as if they were his own.

20.     Plaintiff LBS Petroleum, LLC is an entity organized under the laws of the State of Florida.  Plaintiff invested $440,000.00 in GEAP3 of the oil-drilling program managed by GEA.  A copy of the Securities Purchase Agreement and related documents are annexed hereto as **Exhibit A**.  Plaintiff has not received a single payment for the sale of oil resulting from GEA Oil drilling-operations of the wells held by GEAP3, nor has it received the return of his principal investment even thought it has repeatedly requested as part of a buyout of its interest in GEAP3.

## FACTUAL BACKGROUND

21.     Beginning in or about March 2010 through present, GEA and Demir Energy, under Demir's direction, offered unregistered securities in GEAP1, GEAP2[2], GEAP3, and GEAP4 (collectively, the "Funds") of the oil exploration business (the "Oil Venture") managed by GEA. The Funds were formed by Demir and GEA for the purpose of drilling, single-zone testing/completing and operating of oil wells located in Kentucky and upon information and belief, Tennessee.

22.     In exchange for their investments to purchase "Class A" membership interests in the Funds, the investors were expected to receive a 28% royalty payout from the total gross revenues of the Funds' sale of oil drilled with the investors' funds. *See* **Exhibit B**, GEA's 30 Well Oil Drilling Program Overview.

23.     The investments were sold through various means, including direct solicitations by Demir, Robinson, internet advertising, sales meetings and charity events held in Florida, and through a pyramid marketing scheme enlisting the aid of a promoters.

24.     Demir regularly sends e-mail updates, pictures and videos of the purported oil wells, and update reports falsely reporting that the Oil Venture is a going concern and that oil is actually being pumped and sold to local refineries. *See* **Exhibit**

---

[2] In fact, GEAP2 was never launched. Tulga plainly misappropriated the funds from class members Angelo Sochuk and Lynn Freytag. Both investors invested over $45,000 which came out from their Individual Retirementa Accounts ("IRA").

**C**, copy of last e-mail update.  Yet, investors only have received insignificant royalty payments and in the case of Plaintiff, he has not received any.

25. In fact all statements made by Demir were false and grossly misleading when those statements were made.  For example, Demir sent to investors a **forged** May 29, 2012 check issued by Barrett Oil Purchasing, Inc. ("Barrett") for a purported amount of $675,250.72 when in fact the actual check received by GEA from Barrett was for $10,700.00.  See **Exhibit D**, copy of the actual check issued by Barret and the forged check submitted by Tulga to investors.  In another instance, Tulga showed Plaintiff's principal, Liron Ben-Shimon, a fake bank account statement of GEA purportedly showing a balance of over $20 million dollars.  In fact, GEA and Demir Energy's oil drilling activities, if any occurred at all, caused GEA and Demir Energy to incur huge losses.  GEA, the Funds and Demir Energy were not profitable.  They were in fact, a classic Ponzi scheme, that offered and sold unregistered investment contracts.

26. Defendants also knowingly mislead investors to believe that their offering of investment contracts was, in all respects legal, when, in fact, Defendants knew it was not.

27. GEA and Demir Energy have consistently been dependent upon new investors to fund its current obligations to investors.

28. The Class has reasonably relied on Defendants' misstatements identified herein, and the misstatements and wrongs complained herein are both the direct and proximate cause of the class's financial losses.

29. Demir and his girlfriend, Robinson, have been using investors' funds for their own personal use to acquire luxury vehicles, rent high-end penthouses in the Southern District of Florida, taking extravagant vacations, paying personal credit cards, etc. To the extent that the oil wells produce any oil, Demir and Robinson convert the proceeds of such sales to local oil distributors, instead of paying investors their promised return. Demir's unlawful and criminal conduct has been widely reported by his former business partner, Bryan Mendes, which has provided extensive factual detail about Demir's scam in the website www.tulgademirfraud.com.

## CLASS ALLEGATIONS

30. The Class are purchasers of GEA's and Demir Energy's investment contracts

31. The Class Period runs from March 1, 2010 through the present.

32. Plaintiff bring this lawsuit as a federal class action under Rules 23(a) and 23(b)(3) on behalf of all purchasers of GEA's and Demir Energy's investment contracts, who purchase during the Class Period, and who were damaged thereby. Excluded form the Class are the Defendants, their officers, executives, and members of their

immediate families, their legal heirs or representatives, successors or assigns, or any entities in which Defendants have or had a controlling interest.

33. The member of the Class are so numerous that joinder of all putative members would not be practical.

34. Plaintiff's claims are typical of all class members in that all class members are similarly harmed by Defendants' willful and intentional violation of the federal securities laws.

35. Plaintiff will fairly and adequately represent the interest of the Class and have retained counsel experienced in prosecuting federal securities class action litigation.

36. Common questions of law and fact exists and predominate over any individual legal or factual questions. Those common questions include:

   (a) Whether Defendants' conduct violated the federal securities laws, as alleged herein;

   (b) Whether Defendants offered and sold unregistered securities;

   (c) Whether Defendants' statements to the investing public during the Class Period materially misrepresented GEA's, Demir Energy's and the Funds' business and financial condition;

(d) To what extent the Class suffered damages, and whether the Class stands entitled to rescind their transactions with GEA, Demir Energy and the Funds; and

(e) Whether Defendants deliberately withheld vital material facts from the Class.

37. A Class Action presents the superior means to all other means of resolving the Class' claims against Defendants.

## SCIENTER ALLEGATIONS

38. As alleged herein, Defendants acted intentionally or with deliberate recklessness in that they knew their securities were unregistered and that the statements they disseminated to the investing public were false when made.

39. Defendants were motivated to engage in this fraudulent conduct because, it is believed, that Defendants, as is the case in every Ponzi scheme, financed extravagant lifestyles for themselves from proceeds of their illegal securities offerings.

## COUNT I - VIOLATIONS OF SECURITIES ACT SECTION 5(a) AGAINST DEFENDANTS DEMIR, GEA, DEMIR ENERGY, GEA OIL, AND KY OIL

40. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 39 above as if fully set forth herein.

41. From at least March 1, 2010 through the present, Defendants, directly and indirectly, singly and in concert, have, and unless enjoined will continue to abuse the

instrumentalities of interstate commerce to offer and sell unregistered securities in unexempt offerings to the general public.

### COUNT II - VIOLATIONS OF EXCHANGE ACT
### SECTION 10(b) AND RULE 10b-5 AGAINST DEFENDANTS DEMIR, GEA, DEMIR ENERGY, GEA OIL, AND KY OIL

42. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 39 above as if fully set forth herein.

43. During the Class Period alleged herein, Defendants have employed schemes, and devices to make material and misleading statements of fact, and have omitted to state material facts necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading; and

44. Defendants have engaged in practices and a course of business that has operated as a fraud and deceit upon all Class Members.

45. Defendants knowingly, or with deliberate recklessness, engaged in the violations of the federal securities laws described herein, and they knowingly, or with deliberate reckless, made the misstatements alleged herein.

46. The Defendants, via their websites, social media accounts and wide dissemination through public meetings, perpetrated a fraud upon the market.

47. Further, the Class reasonably relied on Defendants' statements to them and purchased the unregistered securities, and now, have suffered great financial loss because of that reliance.

## COUNT III - CONTROL PERSON LIABILITY UNDER SECURITIES ACT § 15 AGAINST DEFENDANT DEMIR

48.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 39 above as if fully set forth herein.

49.     Defendant Demir, through his position as manager of the Ponzi Entities, possessed the power and authority to cause the Ponzi Entities, through their websites and marketing materials, to offer unregistered securities for sale in a Ponzi scheme to the investing public.  He controlled, authored, or approved the false and misleading statements the Ponzi Entities publicly made.

50.     By reason of such conduct, Demir is liable under Securities Act § 15.

## COUNT IV - CONTROL PERSON LIABILITY UNDER EXCHANGE ACT § 20(a) AGAINST DEFENDANT DEMIR

51.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 39 above as if fully set forth herein.

52.     Defendant Demir, through his position as manager of the Ponzi Entities, possessed the power and authority to cause the Ponzi Entities, through their websites and marketing materials, to offer unregistered securities for sale in a Ponzi scheme to the investing public.  He controlled, authored, or approved the false and misleading statements the Ponzi Entities publicly made.

53.     By reason of such conduct, Demir is liable under Exchange Act § 20.

## COUNT V  - AIDING AND ABETTING FRAUD AGAINST DEFENDANT ROBINSON

54. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 39 above as if fully set forth herein.

55. Demir, GEA, Demir Energy, GEA Oil and KY Oil committed a fraud against Plaintiff and the Class.

56. Robinson had actual knowledge or constructive knowledge of the fraud that was being perpetrated on Plaintiff and the Class by Demir and his alter ego entities that he setup to perpetrate the fraud.

57. Robinson knowingly and intentionally provided substantial assistance and facilitated the fraud perpetrated by Demir by soliciting investors for the Ponzi scheme including class member, Jean Marc Lopez and by allowing Demir to launder the proceeds of the fraud through her PayPal account among other things.

58. Without Robinson's substantial participation, assistance, and aid, the Demir and his alter ego entities would not have been able to fraudulently obtain funds from unsuspecting investors and transfer and launder those funds through her PayPal accounts, including but not limited to funds obtained from class member Bright Ahead Energy, LLC

59. As a result of the above-described fraud, Plaintiff and the Class has suffered and sustained damages.

60. The wrongful acts of Robinson in this regard were done with malice and with the intent to defraud.

### COUNT VI - AIDING AND ABETTING CONVERSION AGAINST DEFENDANT ROBINSON

61. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 39 above as if fully set forth herein.

62. This is an action seeking damages on the grounds of aiding and abetting conversion by Demir and his alter ego entities of the investors' funds.

63. Demir and his alter ego entities wrongfully asserted dominion and control over the property of Plaintiff and the Class estimated to be at least $5,000,000.00 for his personal use, causing financial injury to Plaintiff and the Class.

64. Robinson had actual knowledge or constructive knowledge of Demir and his alter ego entities acts in misappropriating investors' funds.

65. Robinson rendered substantial assistance to Demir and his alter ego entities in the conversion of the funds of Plaintiff and the Class by soliciting investors for the Ponzi scheme and allowing Demir to use her PayPal account to launder the proceeds of the fraud and therefore is liable for all damages actually and proximate caused to Plaintiff and the Class.

66. As a direct and proximate result of Robinson's aiding and abetting Demir and his alter ego's conversion of Plaintiff's and the Class' funds, Plaintiff and the Class have suffered damages.

WHEREFORE, Plaintiff, LBS Petroleum, LLC, respectfully demands injunctive relief; appointment of a receiver; and order appointing it Lead Plaintiff; an order certifying the Class; a jury trial on all issues so triable; an order awarding it and the Class rescission for the unregistered securities sold to them by Defendants; an award of damages, including pre and post judgment interest and an award of reasonable attorneys' fees; and any other further relief that this Court deems to be fair, equitable and appropriate.

Dated:  August 3, 2015.

>Respectfully submitted,
>
>LAW OFFICES OF RODRIGO S. DA SILVA, P.A.
>1001 Brickell Bay Drive, 9th Floor
>Miami, Florida 33131
>E-mail: rodrigo@rdasilvalaw.com
>Telephone:   (305) 615-1434
>Facsimile:    (305) 615-1435
>
>By: /s/ *Rodrigo S. Da Silva*
>    Rodrigo S. Da Silva, Esq.
>    Florida Bar No. 0088600
>    *Counsel for Plaintiff, LBS Petroleum, LLC*

17